Case 2:13-cv-05626-LDW   Document 1   Filed 10/11/13   Page 1 of 7 PageID #: 1

Original

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 11 2013 ★
LONG ISLAND OFFICE

SLR:FR:bsg
F#: 2013V02048

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

        - against -

APPROXIMATELY SIXTY ONE THOUSAND
DOLLARS AND NO CENTS ($61,000.00) IN
UNITED STATES CURRENCY SEIZED FROM
COUTRNEY G. ABRAHAMS ON OR ABOUT
APRIL 27, 2013, AND ALL PROCEEDS
TRACEABLE THERETO,

                Defendant in rem.

------------------------------------------------------------X

**VERIFIED COMPLAINT**
**IN REM**

Civil Action No.

**CV -13 5626**

**WEXLER, J.**

## INTRODUCTION

Plaintiff, United States of America, by its attorney, LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, Laura D. Mantell, Assistant United States Attorney, of counsel, alleges the following upon information and belief:

## PRELIMINARY STATEMENT

1.     This is a civil action in rem to forfeit and condemn to the use and benefit of the United States the above-captioned defendant currency, and all proceeds traceable thereto (the "Defendant Currency"), pursuant to 21 U.S.C. § 881(a)(6), as moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange and/or moneys used or intended to be used to facilitate a violation of the Controlled Substances Act (the "CSA"), 21 U.S.C. §§ 841 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §§ 1355 and 1395, in that the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York, and the Defendant Currency was found in the Eastern District of New York.

## THE DEFENDANT IN REM

4. The Defendant Currency consists of approximately sixty one thousand dollars and no cents ($61,000.00) in United States currency seized on or about April 27, 2013, from Courtney G. Abrahams ("Abrahams") at 9 Orient Court, Westbury, New York (the "Orient Court Property").

## STATUTORY BACKGROUND

5. The CSA prohibits the possession and sale of marijuana, a Schedule I controlled substance, and the possession and sale of cocaine, a Schedule II controlled substance.

6. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate a violation of the CSA are subject to forfeiture to the United States.

## FACTS

7. Beginning in or around February of 2012, officers with the Suffolk County Police Department, Narcotics Section ("SCPD") commenced an investigation into large scale narcotics trafficking in western Suffolk County, New York. The investigation, which included the use of

surveillance and a court-ordered wiretap, revealed that Abrahams was one of the leaders of a conspiracy that distributed marijuana and cocaine.

8. A number of lawfully intercepted telephone calls between Abrahams and his co-conspirators revealed that Abrahams kept proceeds from his narcotics sales at the Orient Court Property. Abrahams further discussed building a trap in the basement floor at the Orient Court Property for the purpose of hiding the proceeds.

9. The investigation further revealed that Abrahams utilized the Orient Court Property to store his narcotic proceeds. Surveillance revealed that Abrahams would frequently come to, and leave from, the Orient Court Property at the time he would purchase and sell large quantities of cocaine.

10. Real property records indicate that the Orient Court Property is owned by Cynthia Gordon-Cooper, who is Abrahams's mother.

11. In intercepted conversations between Abrahams and his co-conspirators, Abrahams stated that he uses the proceeds from his narcotics distribution to pay his mother's mortgage on the Orient Court Property.

12. Based upon surveillance and intercepted telephone calls, the SCPD also determined that, in addition to using the Orient Court Property, Abrahams stored narcotics and the proceeds from his sales of narcotics at another residence located at 676 Commander Avenue, West Babylon, New York (the "West Babylon Property").

13. The West Babylon Property is a two-story building with separate apartments. The investigation revealed that Abrahams owns the West Babylon Property and that he alone occupies the ground floor apartment.

14. On or about April 27, 2013, SCPD officers along with detectives of the Suffolk County District Attorney's Office Asset Forfeiture Unit ("SCDA") executed search warrants at the West Babylon Property and the Orient Court Property.

15. During their search of the West Babylon Property, SCPD officers found a hidden trap, which consisted of a non-functioning air vent, insider the boiler room. Inside the trap, SCPD officers found six plastic bags containing narcotics, a bag containing $1,480 in United Sates currency and two scales. SCPD officers also located inside the bathroom a second trap underneath the bathtub. Inside the second trap the officers found two surveillance cameras and a digital video recorder.

16. In total, $7,930 in United States currency, two kilograms of cocaine, seventeen grams of marijuana, a quantity of crack cocaine, two measuring scales along with packaging materials, and ammunition were seized from the West Babylon Property.

17. Thereafter, law enforcement executed a second search warrant at the Orient Court Property. SCDA officers located the trap in the basement referred to by Abrahams in the intercepted telephone calls. The trap consisted of a hidden compartment in the wood floor beneath the basement floor carpet. Inside the trap, law enforcement found numerous plastic bags and rubber bands and $61,000 in United States currency, i.e. the Defendant Currency. The Defendant Currency was bundled in rubber bands in increments of $5,000 and $1,000.

18. On or about April 27, 2013, Abrahams was arrested by SCPD and charged with: the criminal sale of a controlled substance, a first degree Class A felony, in violation of New York State Penal Law § 220.43; criminal possession of a controlled substance, a first degree class A felony, in violation of New York State Penal Law § 220.21; and conspiracy to distribute

a controlled substance, a second degree class B felony, in violation of New York State Penal Law § 105.15.

19. At the time of his arrest, Abrahams informed law enforcement officers that he was unemployed. Abrahams has a record of prior narcotics convictions.

## **CLAIM FOR RELIEF**

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 as if set forth fully herein.

21. The Defendant Currency constitutes or is derived from moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate a violation of the CSA.

22. As a result of the foregoing, the Defendant Currency is liable to condemnation and forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff, United States of America, requests that a warrant of this Court issue for the arrest of the Defendant Currency; that notice of these proceedings be given to all interested persons; that after further proceedings the Defendant Currency be forfeited and condemned to the use of the United States of America; that plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems just and proper.

Dated: Central Islip, New York
October 11, 2013

          LORETTA E. LYNCH
          United States Attorney
          Attorney for Plaintiff
          Eastern District Of New York
          610 Federal Plaza, 5th Floor
          Central Islip, New York 11722

BY:   */s/ Laura Mantell*
       Laura D. Mantell
       Assistant United States Attorney
       (718) 254-6253

## **VERIFICATION**

Lawrence Leake hereby declares as follows:

1. I am a Task Force Officer assigned to the Drug Enforcement Administration, duly appointed according to law and acting as such.

2. I have read the within verified complaint in rem.

3. The matters contained in the within verified complaint in rem are true and accurate to the best of my knowledge, information and belief.

4. The source of my information and the grounds for my belief are information provided by other law enforcement officers and the official files and records of the Suffolk County Police Department, the Suffolk County District Attorney's Office and federal law enforcement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Central Islip, New York
October 11, 2013

*Lawrence Leake*
Lawrence Leake
Task Force Officer
Drug Enforcement Administration